This action was brought for the conversion of certain slaves, and the title of the plaintiffs depends upon the construction of the following deed of gift, viz.: *Page 275 
NORTH CAROLINA, GREENE COUNTY:
Know all men by these presents, that I, Lewis Harrell, of the State aforesaid and county of Lenoir, for and in consideration of the love and good will and natural affection I have and bear to my daughter-in-law, Laney Ayton Harrell, wife of Joseph Harrell, doth lend unto the said Laney Ayton Harrell one negro girl by the name of Nance, about sixteen years of age, and her daughter Phillis, about four months old, them and their increase to the said Laney Harrell, during her natural lifetime, and after her death, I give the said negro girl Nance and her daughter Phillis and their increase to the heirs of my daughter-in-law, lawfully begotten of her body, to them and their assigns forever. In witness whereof I have hereunto set my hand and seal, this 12 May, 1832.
LEWIS HARRELL [SEAL.]
 Witness present: Isaac Ward.
The plaintiffs are the children of Mrs. Harrell, wife of Joseph Harrell, who was living at the time of the making of the deed. They contended under the limitation contained in the deed to the heirs of Mrs. Harrell, lawfully begotten, that they are entitled to the slaves and their increase, she being now dead.
The defendants claimed title under a conveyance from Joseph Harrell, the husband of Laney Ayton Harrell, made in her lifetime.
By consent, the jury rendered a verdict for the plaintiffs, (360) subject to the opinion of the court as to the legal effect of the deed of gift, and the court, on consideration of the point reserved, being of opinion with the defendant, set aside the verdict and ordered a nonsuit, from which plaintiff appealed.
The legal effect of the deed of gift is too plain to admit of argument. The absolute estate vested in Mrs. Harrell by the application of two well-settled principles of law, both of which exclude the plaintiffs from any benefit under the deed.
At the date of the deed, 1823, the common law was applicable as well to the transfer of slaves as of other personal property, and according to an established principle a life-estate consumed the entire estate, and a limitation over was inoperative, except in a will or deed of trust.
In the second place, it is clear that the "rule in Shelley's case"
applies. So that the whole estate vested in Mrs. Harrell by the deed, and passed to her, and then to her husband jure mariti.
PER CURIAM. Affirmed. *Page 276